UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAR HUNTER, | Case No. 2:24-cv-00269-APG-BNW |
| Plaintiff, | |
| v. | SCREENING ORDER |
| OFFICER D. WOOD, et al., | |
| Defendants. | |

Nevada inmate Jamar Hunter brings this civil-rights case under 42 U.S.C. § 1983 for events that allegedly occurred on November 30, 2023, while at the Casino Royale. Plaintiff moves to proceed *in forma pauperis*. ECF No. 3. Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff's request to proceed *in forma pauperis* therefore will be granted. The court now screens his complaint (ECF No. 1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    ANALYSIS**

**A.  Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. P. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law

(2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the amended complaint**

Across three claims, Plaintiff sues Officer D. Wood, Sheriff Kevin McMahill, Clark County Commissioners, Las Vegas Metropolitan Police Department, and District Attorney Steve Wolfson. While Plaintiff lists several constitutional amendments, he specifically lists (1) excessive force, (2) vindictive prosecution, and (3) deliberate indifference as the claims he intends to pursue. He seeks compensatory damages.

The facts in the complaint are the same for each of the claims he intends to pursue. Plaintiff alleges that on November 30, 2023, while at the Casino Royale, he was unlawfully detained, searched, interrogated, and arrested by Las Vegas Metro Officer D. Wood (who was

working in an undercover capacity). Plaintiff also alleges that Officer Wood falsified documents and that, as a result, charges were filed against him. According to Plaintiff, Officer Wood's falsification of documents constitutes both vindictive prosecution and deliberate indifference.

### 1. Excessive Force

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotations omitted). In this analysis, the court must consider the following factors: (1) the severity of the crime at issue, (2) whether the plaintiff posed an immediate threat to the safety of the officers or others, and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the Fourth Amendment excessive force context" and the court may examine the totality of the circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Here, while Plaintiff's first claim is for "excessive force," he provides no facts in support of that claim. He does not explain the facts and circumstances surrounding the detention and/or arrest (such as, for example, whether he posed a threat to Officer Wood's safety or otherwise resisted the arrest). As a result, the Court will deny the claim with leave to amend.[1]

### 2. Vindictive Prosecution

There are two ways to establish vindictive prosecution. First, a defendant "may establish a vindictive prosecution claim 'by producing direct evidence of the prosecutor's punitive

---

[1] In this order, the Court discusses *Heck v. Humphreys*, 512 U.S. 477 (1994). The excessive force claim would not fall under *Heck* as it would not necessarily imply the invalidity of the conviction or sentence.

motivation,' [but] such evidence is not necessary." *United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017) (citation omitted). Second, a defendant may create a rebuttable presumption of vindictiveness "by showing that the circumstances establish 'a reasonable likelihood of vindictiveness.'" *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir. 2011). "[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982).

Plaintiff's complaint does not allege facts suggesting that charges were filed against him based on his exercise of specific legal rights. Thus, the Court will deny this claim. It appears Plaintiff is alleging vindictiveness, but not in the legal sense. Instead, Plaintiff appears to allege that Officer Wood was vindictive in providing false information, which resulted in charges being filed. Nevertheless, the Court will allow leave to amend.[2]

### 3. **Deliberate Indifference**

A constitutional claim based on deliberate indifference is typically connected to the failure to address an inmate's medical needs while on pretrial release or while serving a sentence. Depending on the inmate's custody status, such failure can give rise to a Fourteenth Amendment

---

[2] The Court notes that it is unclear whether vindictive prosecution is a cognizable cause of action under § 1983. *See Willis v. Rochester Police Dep't*, 2018 WL 4637378, at *7 n.12 (W.D.N.Y. Sept. 27, 2018). While some courts "faced with such § 1983 claims have ... recognized it as a valid cause of action," other courts have found that "[a]t best, [a vindictive prosecution] claim may be analogized instead to a malicious prosecution claim." *Id*. At this stage, given it is not clear what plaintiff intends to allege, the Court will not make this determination.

In addition, the Court notes that in order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). If Plaintiff intends to assert a malicious prosecution claim, he would need to allege facts to demonstrate that his claim is not barred under *Heck v. Humphreys*, 512 U.S. 477, 483-87 (1994). The principles underlying *Heck* are discussed in more detail in the body of this order.

claim or an Eighth Amendment claim. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Plaintiff alleges no facts that relate to the failure to treat his medical needs. Once again, his use of the term "deliberate indifference" does not appear to be intended in the legal sense. Instead, he appears to claim that Officer Wood was deliberately indifferent in falsifying information. As a result, the Court will deny this claim. While it does not appear that Plaintiff intends to file such a claim, the Court will allow him leave to amend.

### 4. Defendants Sheriff Kevin McMahill, Clark County Commissioners, Las Vegas Metropolitan Police Department, and District Attorney Steve Wolfson

Although Plaintiff names Defendants Sheriff Kevin McMahill, Clark County Commissioners, Las Vegas Metropolitan Police Department, and District Attorney Steve Wolfson, he does not allege any facts regarding their involvement in this case. *See* FED. R. CIV. P. 8(a) (requiring a plaintiff to state, in short and plain terms, a claim showing an entitlement to relief). Given the lack of factual allegations against these Defendants, the court will deny the inclusion of these Defendants with leave to amend.

## II. INSTRUCTIONS FOR AMENDMENT

As mentioned above, Plaintiff is given leave to amend his complaint. The Court provides the following remarks in order to guide any such amended complaint.

First, it is not clear whether Plaintiff intends to assert claims based on the allegations that he was illegally searched, detained, interrogated, and arrested. If a § 1983 case that seeks damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck*, 512 U.S. at 483-87. Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Here, the illegality of the detention, search, interrogation, and arrest may invalidate a conviction or sentence. Thus, if Plaintiff intends to amend his complaint to include

these constitutional claims, he must first establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. As a result, if his intent is to pursue these claims, he must first explain whether his conviction or sentence has been reversed or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. at 483-87.

Plaintiff is instructed to read the order carefully before amending his complaint. Each claim must allege facts showing how each named defendant is involved. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant.

Plaintiff further is advised that if he files an amended complaint, the original complaint (ECF No. 1) will no longer serve any function in this case. The court cannot refer to a prior pleading or to other documents to make his second amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1) and send Plaintiff a courtesy copy.

**IT IS FURTHER ORDERED** that the excessive force claim is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that the vindictive prosecution claim is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that the deliberate difference claim is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, he must do so by April 5, 2024. Failure to file an amended complaint in accordance with this order will result in a recommendation that this case be dismissed.

1    DATED: March 5, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE